### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT5, | §<br>§<br>§<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | Civil Action No. 5:19-cv-437 |
| v. | §<br>§ | |
| ADAM M. BORGFELD; ANGELA C. BORGFELD; JARED SMITH; and MYTA SMITH, | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5 ("Plaintiff" or "Deutsche Bank"), and files this its *Original Complaint* against Defendants Adam M. Borgfeld Angela C. Borgfeld, Jared Smith and Myta Smith, and would respectfully show the Court as follows:

### I.  PARTIES

1.  Deutsche Bank is the trustee of a trust and is appearing herein in its capacity as a trustee.

2.  Defendant Adam M. Borgfeld is an individual and citizen of the state of Texas who may be served with process at his residence, 111 West South St., Madisonville, Texas 77864, or at such other place as he may be found. Summons is requested.

3.  Defendant Angela C. Borgfeld is an individual and citizen of the state of Texas

who may be served with process at her residence, 404 County Road 170, George West, Texas 78022, or at such other place as she may be found. Summons is requested.

4.     Defendant Jared Smith is an individual and citizen of the state of Texas who may be served with process at his residence, 1230 Brietzke Road, Seguin, Texas 78155, or at such other place as he may be found. Summons is requested.

5.     Defendant Myta Smith is an individual and citizen of the state of Texas who may be served with process at her residence, 1230 Brietzke Road, Seguin, Texas 78155, or at such other place as she may be found. Summons is requested.

## II.  JURISDICTION

6.     This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

7.     Deutsche Bank is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 577 U.S. ___, 136 S. Ct. 1012, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its

main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Deutsche Bank has its principal place of business in California. Therefore, Deutsche Bank is a citizen of California for diversity purposes.

8.      Defendants are all citizens of the state of Texas.

9.      Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a secured lien. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). As of April 26, 2018, the total amount owed on the debt at issue is at least $266,891.93. Further, "[a]ttorney's fees may be included to determine the amount in controversy when such fees are permitted by contract or a state statute. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). The note and security instrument that are the subject of this Complaint allow for the recovery of attorney's fees. Plaintiff anticipates attorney's fees in excess of $25,000 through final trial in this cause. This amount coupled with the outstanding debt which would put the amount in controversy above the $75,000 threshold.

### III. VENUE

10.     Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### IV. SUMMARY OF FACTS

11.     On or about March 5, 2002, Arthur G. Borgfeld and Karen K. Borgfeld conveyed the real property commonly known as 1230 Brietzke Road, Seguin, Texas 78155 (the "Property")

to Adam M. Borgfeld via a *Deed of Gift*, which was recorded in the Official Public Records of Guadalupe County, Texas on March 19, 2002 at Volume 1691, Page 757.

12.     On or about April 13, 2006, Adam M. Borgfeld and Angela C. Borgfeld ("Borrowers") executed that certain *Texas Home Equity Adjustable Rate Note* (the "Note") in the original principal amount of $182,400.00 payable to S.A. Sterling Group, Inc. d/b/a Sterling Mortgage Services ("Sterling") and bearing interest at the initial rate of 9.050% per annum.

13.     Concurrently with the Note, Borrowers executed that certain *Texas Home Equity Security Instrument* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. The Security Instrument was recorded on April 20, 2006 in the Official Public Records of Guadalupe County, Texas as Document No. 06-07593.

14.     On or about April 17, 2006, Sterling assigned the Security Instrument and Note to Option One Mortgage Corporation ("Option One") via a *Texas Home Equity Assignment of Security Instrument*, which was recorded on May 17, 2011 in the Official Public Records of Guadalupe County, Texas as Instrument No. Document No. 11-008359.

15.     Then on June 1, 2006, Option One assigned the Security Instrument and Note to Deutsche Bank via an *Assignment of Note and Deed of Trust*, which was recorded on April 15, 2008 in the Official Public Records of Guadalupe County, Texas as Instrument No. Document No. 08-007033

16.     Plaintiff is the current owner and holder of the Note and beneficiary of the Security Instrument.

17.     Under the terms of the Loan Agreement, Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges

and fees due under the Note. Also, the Loan Agreement states that if Borrowers transfer or sell the Property without Lender's prior written consent then Lender may require immediate payment in full.

18.     The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

19.     On or about February 14, 2018, Borrowers, without the prior written consent of the Lender, conveyed the Property to Defendants Jared Smith and Myta Smith via a *Warranty Deed with Vendor's Lien*, which was recorded on February 21, 2018 in the Official Public Records of Guadalupe County, Texas as Document No. 201899003637.

20.     Defendants have failed to make the required payments on the Note and have made default under the covenants and conditions of the Security Instrument.

21.     Notice of default and intent to accelerate was sent to Borrowers in accordance with section 51.002(d) of the Texas Property Code. Borrowers failed to cure the default and were given notice that the maturity date of the Note had been accelerated thus making all unpaid principal and accrued interest due and payable.

## V. CAUSE OF ACTION - NON-JUDICIAL FORECLOSURE

22.     The foregoing paragraphs are incorporated by reference for all purposes.

23.     Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its security interest through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002.

24.     A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VI. CAUSE OF ACTION - JUDICIAL FORECLOSURE

25.     The foregoing paragraphs are incorporated by reference for all purposes.

26.     In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

27.     Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## VII.  ATTORNEY'S FEES

28.     The foregoing paragraphs are incorporated by reference for all purposes.

29.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorney's fees under the loan documents, Tex. Civ. Prac. & Rem. Code section 38.001.  Attorney's fees are not sought as a personal judgment against the Borrowers, but only as an additional debt secured by the Security Instrument.

30.     All conditions precedent have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, and that, upon final hearing, Plaintiff have and recover a judgment against them allowing it to proceed with non-judicial foreclosure in accordance with the Security Instrument, Tex. R. Civ. P. 735 and Texas Property Code section 51.002, or, alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment; plus its interest and attorney's fees and all costs of suit. Plaintiff further requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**ROBERT T. LIEBER JR.**
Tennessee Bar No. 035829
rlieber@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*